UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

Case No. 10-20709

Honorable John Corbett O'Meara

v.

KENDERICK LAMONT FOSTER,

        Defendant.
                                          /

**ORDER DENYING DEFENDANT'S FEBRUARY 7, 2014
MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE**

This matter came before the court on defendant Kenderick Lamont Foster's February 7, 2014 motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. The government filed a response February 20, 2014; and Defendant filed a reply brief March 14, 2014. No oral argument was heard.

**BACKGROUND FACTS**

On January 10, 2013, defendant Foster pleaded guilty to one court of being a felon in possession of firearms in violation of 18 U.S.C. § 922(g). As part of his Rule 11 plea agreement, Foster admitted he "possessed 14 firearms in a residence in Lathrup Village, Michigan, including shotguns, rifles and a revolver." Foster also agreed that his sentencing guideline range was 57-71 months' imprisonment, as reflected on the worksheets attached to the plea agreement. Foster also completed a questionnaire as part of his guilty plea. On the questionnaire Foster wrote, in his own handwriting, "I knowingly possessed a firearm." He further acknowledged, "My attorney has discussed with me the Federal Sentencing Guidelines," and "[i]f my attorney or any other person

has calculated a guideline range for me, I know that this is only a prediction and that it is the judge who makes the final decision as to what the guideline range is and what sentence will be imposed."

On April 17, 2013, the court entered a judgment in which Foster was sentenced to 57 months' imprisonment, the very bottom of the guideline range.  No statutory mandatory minimums were applicable to Foster's case.  Both the plea agreement and plea questionnaire, as well as Foster's acknowledgment of the superseding indictment, informed him of the maximum penalty of ten years. Defendant Foster did not appeal his sentence; however, he has now filed a timely *pro se* motion under 28 U.S.C. § 2255, claiming what appears to be ineffective assistance of counsel.

The arguments in his motion are difficult to discern, but they all appear to relate to his erroneous view that his sentence was enhanced or that he was subject to a mandatory minimum under 18 U.S.C. § 924(c).

## LAW AND ANALYSIS

In short, defendant Foster's arguments are meritless because they pertain to statutory provisions that were not applicable to his case.  Therefore, defense counsel cannot be faulted for declining to raise these arguments during the process in which he entered his guilty plea.  Defendant simply cannot meet the two-part test to show that his counsel's conduct was unreasonable or that he suffered prejudice as a result.  See Strickland v. Washington, 466 U.S. 668 (1984).

Foster complains that his counsel failed to challenge the government's alleged application of "the 924 sentencing factors and the 3559 sentencing procedure that applies the maximum guideline sentence in mandatory fashion."  However, defendant Foster pleaded guilty to violating 18 U.S.C. § 922(g), an offense which carried a statutory maximum sentence of 10 years and no mandatory sentence of any kind.  Nor was he sentenced to the maximum guideline range.  To the contrary, he

was sentenced to 57 months, the very bottom of the guideline range. Moreover, the Rule 11 plea agreement and plea questionnaire, as well as the superseding indictment, make it clear that defendant Foster was well aware of the applicable guideline range and statutory penalties in this case.

As for his assertions regarding any "924 enhancements," 18 U.S.C. § 924(e), the Armed Career Criminal Act, never applied to this case because defendant Foster did not have the requisite felony convictions. Defendant further complains that § 924 requires *use* of a firearm in the commission of a felony. However, again, § 924(c) was not charged in the case and is therefore not applicable.

Finally, defendant Foster contends that he incorrectly received a base offense level of 20 when he should have receive a base offense level of 12 because he had "no prior convictions for crimes of violence or controlled substance offenses." However, those factors played no role in determining his base offense level. Rather, his base offense level was determined to be 20 because he was "a prohibited person with a rifle having a barrel less than 16 inches long." In other words, his base offense level was not determined by prior criminal convictions, but because he possessed a rifle with a sawed-off barrel.

"A prisoner seeking relief under § 2255 must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." Pough v. United States, 442 F.3d 959, 964 (6th Cir. 2006). Defendant Foster has identified no such errors. Accordingly, the court must deny his motion to vacate, set aside or correct sentence.

## ORDER

It is hereby **ORDERED** that defendant Kenderick Lamont Foster's February 7, 2014 motion is **DENIED.**

s/John Corbett O'Meara  
United States District Judge

Date: August 18, 2014

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 18, 2014, using the ECF system and/or ordinary mail.

s/William Barkholz  
Case Manager